NEVADA–CALIFORNIA POWER CO. v. ULLOM et al.

No. H—19.

District Court, D. Nevada.

June 8, 1933.

Henry W. Coil, Newman Jones, Harold M. Hammack, and D. L. King, all of Riverside, Cal., for plaintiff.

Gray Mashburn, Atty. Gen., W. T. Mathews, Dep. Atty. Gen., and Harley A. Harmon, Dist. Atty., of Las Vegas, Nev., for defendants.

NORCROSS, District Judge.

The case of Nevada-California Power Company v. J. M. Ullom et al. involves an application for an injunction directed to the tax receiver and other officers of Clark county. No question appears to be raised with respect to the valuation being excessive. Plaintiff contends that the tax is illegal in its entirety upon the ground that plaintiff was an instrumentality of the federal government, and hence not liable to tax, and further, that if not such an instrumentality, then that portion of the tax upon property within the area known as the Boulder Canyon Project Federal Reservation would be exempt from tax. Both questions have been determined adversely to the contentions of plaintiff in a recent decision of this court in the case of Six Cos., Inc., v. De Vinney (D. C.) 2 F. Supp. 693. In that case it was held that the estab-

lishment of the reservation did not withdraw the jurisdiction of the state over the same, and, hence, all private property within the reservation was subject to the tax laws of the state.

With respect to the question whether the plaintiff is an instrumentality of the federal government and for that reason exempt from tax, the Nevada-California Power Company is in precisely the same situation as the six companies, and for the same reason that the latter company was held not to be an instrumentality of the government such as would exempt it from state and county taxes, the court now holds that the plaintiff, Nevada-California Power Company, is not such an instrumentality. It appears from the complaint that a contract exists between the Nevada-California Power Company and the United States for the supplying of certain electrical energy used in aid of the construction of the Hoover Dam. The contract was entered into in pursuance of an advertisement for competitive bids for the supplying of the same. A contractor under a contract of that character is not such an instrumentality of the government as would relieve it from state and county taxes.

The application for a temporary injunction is denied.